[799 NYS2d 153]

In the Matter of HUBERT L. MARSHALL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 25, 2005

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated March 4, 2004, the respondent was suspended from the practice of law, pursuant to 22 NYCRR 691.4 (*l*) (1) (i) , upon a finding that he was guilty of professional misconduct immediately threatening the public interest based upon his failure to cooperate with the Grievance Committee's investigation and uncontroverted evidence establishing his failure to preserve two separate real estate contract deposits entrusted to him in escrow. In that order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, the issues raised were referred to the Honorable John J. Clabby, as Special Referee to hear and report, and the respondent was directed to serve an answer upon the petitioner and the Special Referee and to file a copy of the same in the office of the Clerk of this Court within 10 days after service of a copy of the order upon him. The petitioner now moves for an order disbarring the respondent on default on the ground that he has failed to file and serve an answer to the petition.

The petition dated July 13, 2003, was annexed to the petitioner's order to show cause seeking the respondent's suspension and authorization for a disciplinary hearing. Those documents were personally served upon the respondent on November 17, 2003. However, the petitioner was unable to personally serve the respondent with the decision and order of this Court dated March 4, 2004.

By decision and order on motion dated June 15, 2004, this Court authorized the petitioner to serve the decision and order dated March 4, 2004, and any future papers, by substituted service, by affixing a copy of said documents to the front door of the respondent's home address, and mailing them to the respondent at that address, both by first class mail and by certified mail, return receipt requested.

On July 8, 2004, the respondent was served by substituted service with a copy of the decision and order on motion dated June 15, 2004, authorizing substituted service, and the decision and order dated March 4, 2004.

The respondent failed to answer the petition.

On February 12, 2005, the respondent was served by substituted service with a copy of the petitioner's motion to disbar him on default dated January 31, 2005, which motion was returnable on March 4, 2005. The respondent failed to serve any

response to the motion and has not requested any extension of time to do so.

Accordingly, the motion is granted, the charges in the petition are deemed established, and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law. The Grievance Committee for the Second and Eleventh Judicial Districts is directed to investigate and report on the status of the respondent's files to ascertain whether a conservator should be appointed by the Court.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and S. MILLER, JJ., concur.

Ordered that the motion to disbar the respondent, Hubert L. Marshall, on default, is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Hubert L. Marshall, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Hubert L. Marshall, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Hubert L. Marshall, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Hubert L. Marshall, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the Grievance Committee for the Second and Eleventh Judicial Districts is directed to investigate and report on the status of the respondent's files to ascertain whether a conservator should be appointed by the Court.